MARY SLAVIK, as Administratrix of the Estate of JOSEPH HART-
MAN, Deceased, Appellant, *v.* CAB TRANSPORTATION CORPORA-
TION et al., Respondents.

First Department, November 12, 1943.

*Jacob D. Fuchsberg* of counsel (*Edward B. Eliezer,* attor-
ney), for appellant.

*Jacob Shientag* of counsel (*E. Edan Spencer,* attorney), for
respondents.

*Per Curiam.* The deceased, a heavy-set man of sixty-seven
years, on April 3, 1941, at about eight P. M. was attempting to
cross the street from the easterly side of First Avenue at
Seventy-third Street in the city of New York. When he had
gone about thirty-five feet in a westerly direction, he was struck
by a northbound taxicab owned by defendant Cab Transporta-
tion Corporation and operated by defendant Rosen. He was
either dragged or thrown over forty-one feet from the point of
contact. As a result of the injuries sustained, he met his death
in a hospital some time later.

The Trial Justice seems to have confined himself solely to the
point of whether or not the lights were in favor of the deceased
at the time he was struck. He stated in part in addressing the
plaintiff's attorney: "Your case depends entirely on the
lights." We believe other elements should have been con-

sidered. One might infer that the taxicab was being operated at an excessive rate of speed. If it be true that the light was in favor of the deceased at the time he started to walk across the street, then it was the duty of the driver of the vehicle to have permitted him to continue. Under the circumstances, a new trial should be had in order that there may be a full development of all the material facts.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur; MARTIN, P. J., taking no part.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.